

FILED
JAN 19 2017
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**VIRGINIA:**

## BEFORE THE CIRCUIT COURT FOR THE CITY OF VIRGINIA BEACH

IN THE MATTER OF            CASE NO. CL16-4970
ANDREW IRA BECKER         VSB DOCKET NO. 16-051-103958

### AGREED DISPOSITION MEMORANDUM ORDER

This matter came to be heard on December 27, 2016, before a Three-Judge Circuit Court, upon the joint request of the parties for the Court to accept the Agreed Disposition endorsed by the parties and offered to the Court as provided by the Rules of the Supreme Court of Virginia. The panel consisted of the Honorable Gordon F. Willis, Judge of the Fifteenth Judicial Circuit, Designated Chief Judge, the Honorable John F. Daffron, Jr., Retired Judge of the Twelfth Judicial Circuit, and the Honorable Charles E. Poston, Retired Judge of the Fourth Judicial Circuit. Andrew Ira Becker was present and was not represented by counsel. The Virginia State Bar appeared through its Assistant Bar Counsel, Kathleen M. Uston. The Chief Judge polled the members of the court as to whether any of them were aware of any personal or financial interest or bias which would preclude any of them from fairly hearing the matter to which each judge responded in the negative. Court Reporter XXXXXX Chandler and Halasz, P.O. Box 9349, Richmond, Virginia 23227, telephone (804) 730-1222, after being duly sworn, reported the hearing and transcribed the proceedings.

**WHEREFORE**, upon consideration of the Agreed Disposition, the Certification, Respondent's Answer and Demand, Respondent's Disciplinary Record, the Arguments of the Parties, and after due deliberation,

It is **ORDERED** that the Circuit Court accepts the Agreed Disposition and the Respondent shall receive a four (4) year Suspension, as set forth in the Agreed Disposition, which is attached and incorporated in this Memorandum Order.

It is further **ORDERED** that the sanction is effective January 11, 2017. ✱

The Respondent must comply with the requirements of Part Six, § IV, ¶ 13-29 of the Rules of the Supreme Court of Virginia. The Respondent shall forthwith give notice by certified mail of the Revocation or Suspension of his license to practice law in the Commonwealth of Virginia, to all clients for whom he is currently handling matters and to all opposing attorneys and presiding Judges in pending litigation. The Respondent shall also make appropriate arrangements for the disposition of matters then in his care in conformity with the wishes of his clients. The Respondent shall give such notice within 14 days of the effective date of the Revocation or Suspension, and make such arrangements as are required herein within 45 days of the effective date of the Revocation or Suspension. The Respondent shall also furnish proof to

/fw/ ✱ Until the suspension date is effective, the Respondent shall not engage in the practice of law, other than winding down his practice and closing his office. Specifically, he shall not take on any new clients, make any new court filings or court appearances.

the Bar within 60 days of the effective day of the Revocation or Suspension that such notices have been timely given and such arrangements made for the disposition of matters.

It is further ORDERED that if the Respondent is not handling any client matters on the effective date of the Revocation or Suspension, he shall submit an affidavit to that effect within 60 days of the effective date of the Revocation or Suspension to the Clerk of the Disciplinary System at the Virginia State Bar. All issues concerning the adequacy of the notice and arrangements required by Paragraph 13-29 shall be determined by the Virginia State Bar Disciplinary Board, which may impose a sanction of Revocation or additional Suspension for failure to comply with the requirements of this subparagraph.

The Clerk of the Disciplinary System shall assess costs pursuant to ¶13-9 E. of the Rules.

A copy teste of this Order shall be mailed, certified mail, return receipt requested, to the Respondent, Andrew Ira Becker, at his last address of record with the Virginia State Bar, Law Office of Andrew Becker, P.C., One Columbus Ctr, Ste 600, Virginia Beach, VA 23462-6760, with an attested copy to: Kathleen M. Uston, Assistant Bar Counsel, Virginia State Bar, 1111 East Main Street, Suite 700, Richmond, Virginia 23219-0026, and to the Clerk of the Disciplinary System, Virginia State Bar, 1111 East Main Street, Suite 700, Richmond, VA 23219-0026.

ENTERED THIS 28 DAY OF December, 2016

CIRCUIT COURT FOR THE CITY OF VIRGINIA BEACH

_____
Gordon F. Willis, Chief Judge
Three-Judge Circuit Court

CERTIFIED TO BE A TRUE COPY
OF RECORD IN MY CUSTODY
TINA E. SINNEN, CLERK
CIRCUIT COURT, VIRGINIA BEACH, VA
BY_____
DEPUTY CLERK

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF VIRGINIA BEACH

VIRGINIA STATE BAR *EX REL*
FIFTH DISTRICT COMMITTEE SECTION I,
VSB DOCKET NO. 16-051-103958

Complainant,

v.  Case No. CL16-4970

ANDREW IRA BECKER

Respondent

RECEIVED
Dec 20, 2016
VIRGINIA STATE BAR
CLERK'S OFFICE

AGREED DISPOSITION
(Suspension)

Pursuant to the Rules of the Virginia Supreme Court Rules of Court Part 6, Section IV, Paragraph 13-6.H, the Virginia State Bar, by Kathleen Maureen Uston, Assistant Bar Counsel and Andrew Ira Becker, Respondent, *pro se,* hereby enter into the following Agreed Disposition arising out of the referenced matter.

- STIPULATIONS OF FACT

- At all times relevant hereto, Respondent has been duly licensed to practice law in the Commonwealth of Virginia.

- On July 25, 2013, Respondent was found in criminal contempt of court following his having faxed a Suggestion in Garnishment and Garnishment Summons to a payroll processing company utilized by the employer of a debtor against whom Respondent had obtained a judgment on behalf of a client. The facts underlying this contempt finding are as follows.

- On November 8, 2012, Respondent, through his legal assistant, mailed a "Suggestion for Summons in Garnishment" and a "Garnishment Summons" to the Fairfax County General District Court for filing in order to begin collection proceedings on behalf of his client, Friendly Finance Corporation. Respondent utilized the court's garnishment forms inserting a "return date" thereon, as well as the name and address of the garnishee, the debtor's

1

employer, SkyChefs. At the same time, Respondent sent copies of the Suggestion in Garnishment and Garnishment Summons by facsimile to SkyChef's payroll processing company, ADP. Respondent thus knew that ADP would receive these documents before they were filed with the court.

- Respondent, an experienced attorney who testified during the General District Court contempt proceeding that his practice focused almost exclusively on collections matters, noted on the Garnishment Summons that SkyChefs was a foreign corporation. However, he admitted that he never sought service upon them through the secretary of the Commonwealth. As a result, approximately two weeks after he filed the documents, Respondent received the garnishment paperwork back from the clerk's office with a cover letter explaining that the documents were being returned since the garnishee, SkyChefs, had an out of state headquarters. Respondent admitted during his testimony that he never advised ADP of this fact. Further, Respondent should have realized the potential impact the faxed documents would have on ADP, especially in light of the fact that another employer had expressed confusion after receiving garnishment paperwork from Respondent via facsimile in the past.

- As a result, on four occasions between November, 2012, and January, 2013, ADP deducted a total of $1,278.01 funds from the judgment debtor's paycheck and sent those funds to the court. On January 30, 2013, the court returned those funds to the employer and sent an Order to ADP directing them to cease withholding funds since no Garnishment Summons had ever been filed with, or issued by, the court. At the same time, the court issued a Show Cause against Respondent with a return date of March 7, 2013.

- Respondent failed to appear at the March 7, 2013, Show Cause. The matter was rescheduled for hearing on April 11, 2013. At this time, Respondent testified that he had not intended to mislead ADP, but he was found to be in criminal contempt of court nonetheless.

- Respondent appealed this ruling to the Fairfax County Circuit Court which, after receiving

2

evidence and testimony from Respondent, found beyond a reasonable doubt that Respondent was guilty of criminal contempt.

- Respondent appealed that ruling to the Court of Appeals of Virginia which, by opinion dated March 25, 2015, affirmed the lower court's ruling.

- In affirming the lower court, the Court of Appeals noted in its Opinion that, although Respondent argued that he never intended to deceive ADP, he admitted his intention in faxing the garnishment paperwork to ADP before filing it with the court was to "get the ball rolling in terms of processing it within [ADP's] internal system." Thus, the Court of Appeals found that Respondent clearly intended to initiate the garnishment process before filing had been made with the court, seeking a "short cut to expedite the garnishment process, under color of the court's authority..."

- The Court of Appeals also determined that since Respondent failed to notify ADP that the garnishment filing had been rejected by the clerk's office, the lower court "could have inferred from these facts that [Respondent] misbehaved as an officer of the court by failing to contact ADP when he knew the garnishment summons was rejected."

- With regard to the original Rule to Show Cause returnable to March 7, 2013, Respondent advised Virginia State Bar Investigator John Pucky that he personally drove to Fairfax to deliver a letter requesting a continuance. A copy of that letter was requested but Respondent was unable to produce a copy. In addition, Investigator Pucky requested copies of the original Suggestion in Garnishment and Garnishment Summons in order to corroborate Respondent's assertion that those copies had the word "complimentary" stamped on their face. Respondent was also unable to produce copies of these documents.

- Throughout this process, Respondent has attempted to deflect blame for these events on his staff. In addition, Respondent has been licensed to practice law in the Commonwealth of Virginia since 1989 and has focused his practice on collection matters. He therefore clearly

3

should have known how to properly obtain service of process yet he failed to ensure that the garnishment paperwork was properly served upon SkyChef in accordance with applicable statutory requirements, even after it had been returned to him by the clerk's office.

- In mitigation of the misconduct set forth above, it is noted that Respondent is in the process of winding down his law practice and closing his office.

- In addition, Respondent was cooperative with the Bar throughout the disciplinary process and accepted responsibility for the misconduct at issue herein.

## II. NATURE OF MISCONDUCT

Such conduct by the Respondent constitutes misconduct in violation of the following provisions of the Rules of Professional Conduct:

**RULE 1.3      Diligence**

(a) A lawyer shall act with reasonable diligence and promptness in representing a client.

**RULE 4.1      Truthfulness In Statements To Others**

In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of fact or law[.]

**RULE 5.3      Responsibilities Regarding Nonlawyer Assistants**

**With respect to a nonlawyer employed or retained by or associated with a lawyer:**

(a) a partner or a lawyer who individually or together with other lawyers possesses managerial authority in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;

(b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and

(c) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:

(1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or

(2) the lawyer is a partner or has managerial authority in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows or should have

4

known of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

**RULE 8.4    Misconduct**

It is professional misconduct for a lawyer to:

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation which reflects adversely on the lawyer's fitness to practice law[.]

### III. PROPOSED DISPOSITION

Accordingly, Assistant Bar Counsel and the Respondent tender to the Circuit Court for its approval the agreed disposition of a Four (4) Year Suspension as representing an appropriate sanction if this matter were to be heard through an evidentiary hearing by a panel of the Disciplinary Board.

If the Agreed Disposition is approved, the Clerk of the Disciplinary System shall assess an administrative fee.

THE VIRGINIA STATE BAR

By:
Kathleen Maureen Uston, Esquire
Assistant Bar Counsel

Andrew Ira Becker, Respondent

5